IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKOLAS WEINSTEIN STUDIOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> STATE NATIONAL INSURANCE COMPANY, INC., <br><br> Defendant. _____ / | No. C 10-01899 WHA <br><br> **ORDER GRANTING MOTION TO TRANSFER, DENYING MOTION TO DISMISS, AND VACATING HEARING** |

### INTRODUCTION

In this breach-of-contract case, defendant State National Insurance Company moves to dismiss the action based on the existence of a forum-selection clause, or in the alternative, to transfer venue to the United States District Court for the Southern District of New York. Given that the contract between the parties contains an enforceable forum-selection clause, the motion to transfer venue to the United States District Court for the Southern District of New York is **GRANTED**. The motion to dismiss is **DENIED**. Accordingly, the September 23 hearing scheduled for those motions is **VACATED**.

### STATEMENT

Plaintiff Nikolas Weinstein Studios initiated the instant action against defendant in April 2010. Defendant issued plaintiff an open, all-risk policy of marine cargo insurance in February 2009 (Compl. ¶ 6). The policy insured plaintiff's goods, principally glass art sculptures, for

damage or loss occurring during or incidental to ocean transportation (Compl. ¶ 7).  The complaint alleges that in May 2009 a consignment of glass sculptures, belonging to plaintiff, was transported from Oakland to Singapore via ocean vessel (Compl. ¶ 10).  The shipment was insured under the aforementioned cargo insurance policy (Compl. ¶ 11).  Upon arrival in Singapore the plaintiff's glass sculptures were unloaded and found damaged (Compl. ¶ 13).  The damaged sculptures were repaired by plaintiff at a cost of approximately $100,000 (Compl. ¶ 15).  Plaintiff sought indemnity from defendant for the damages under the cargo insurance policy, but defendant denied the claim (Compl. ¶ 17).

Defendant now seeks to dismiss the instant action under FRCP 12(b)(3), given the existence of a forum-selection clause in the insurance policy.  In the alternative, defendant moves to transfer the action to the District Court for the Southern District of New York.  The forum-selection clause stated (Decl. ¶ 3):

> Any legal suit, action, or proceeding arising out of or based upon this policy may be instituted in the federal courts of the United States of America, or the courts of the State of New York, located in the City, County and State of New York, and each party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action or proceeding.

Both parties agree that the forum-selection clause in the insurance policy is enforceable. The parties disagree, however, on the meaning of the clause.  The plaintiff contends that the United States District Court for the Northern District of California is a permissible venue under the forum-selection clause.  The defendant asserts that venue is only proper in federal or state courts in New York.

**ANALYSIS**

The single issue in dispute is whether the District Court for the Northern District of California is a permissible venue given the language of the forum-selection clause in the insurance policy.    The forum-selection clause states that this action "may be instituted in the federal courts of the United States of America, or the courts of the State of New York, located in the City, County and State of New York."  Defendant's assertion that venue is proper only in federal or state courts in New York City is the only interpretation that makes sense in the context of the entire forum-selection clause and insurance policy.  The phrase, "located in the City,

1  County and State of New York" modifies and limits both the **federal** and **state** courts listed in the
2  forum-selection clause.  The remainder of the sentence after the limiting modifier clarifies this
3  point, "and each party irrevocably submits to the exclusive jurisdiction of such courts in any such
4  suit, action or proceeding."  The purpose of this forum-selection clause, or any forum-selection
5  clause, is to limit the jurisdiction where disputes are resolved.  To allow suit in any federal court
6  in any state, as urged by plaintiff, would be contrary to the clear language of the forum-selection
7  clause.

8  Plaintiff argues, however, that a literal reading of the forum-selection clause allows any
9  federal court in the United States as a proper venue for disputes between the parties.  This order
10 disagrees.  Plaintiff argues that because there is only one federal district court in New York City,
11 the District Court for the Southern District of New York, the use of the phrase "federal courts"
12 must mean all federal courts in the United States and not federal and state courts located in New
13 York City.  According to plaintiff's interpretation, where "courts" refer to separate and distinct
14 federal and state courts, the second half of the clause is unintelligible, because there is only one
15 state court, located in the "City, County, and State of New York" – the Supreme Court of New
16 York, New York County.  Plaintiff's argument that the word "courts" be read as plural in the first
17 half of the sentence, but not in the second half of the sentence does not make sense.

18 Plaintiff also argues the insurance policy's forum-selection clause presents an ambiguity
19 which, under the *contra proferentem* rule of construction, should be construed against defendant
20 insurer and in favor of insured.  The short answer is that there is no ambiguity.  "A provision in an
21 insurance policy is ambiguous when it is reasonably susceptible to more than one reading."
22 *Haber v. St. Paul Guardian Insurance Co.,* 137 F.3d 691, 695 (2d Cir. 1998).  The interpretation
23 of the forum-selection clause asserted by plaintiff is not a reasonable alternative reading sufficient
24 to create an ambiguity.

3

**CONCLUSION**

For the foregoing reasons, defendant's motion to transfer venue to the United States District Court for the Southern District of New York is **GRANTED**. The motion to dismiss is **DENIED**. The September 23 hearing scheduled for those motions is **VACATED**.

**IT IS SO ORDERED.**

Dated:  September 16, 2010

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE